## DUNNING v. VAN BUREN.

1. **Practice**: MODIFICATION OF INTERROGATORIES. It is not error for the court to modify interrogatories propounded to the jury in order the better to adapt them to the issues and evidence.

2. ——: EXCEPTIONS TO INSTRUCTIONS. When the abstract fails to show that exceptions were taken to the action of the court in giving and refusing to give instructions, objections thereto will not be considered on appeal.

*Appeal from Des Moines Circuit Court.*

THURSDAY, SEPTEMBER 20.

ACTION upon a warranty of a horse obtained by plaintiff of defendant by an exchange of another horse. The warranty was to the effect that the animal would work well in single or double harness. The petition alleges a breach of the warranty by reason of the horse being balky, and a tender or offer to return it to defendant. The answer denies the warranty and alleges that plaintiff took the horse on trial for one or two days, and, if at the end of that time it did not suit him, it was to be returned, and that it was not returned within the time agreed upon. A trial was had to a jury and a verdict and judgment for defendant. Plaintiff appeals.

*Trulock & Illick*, for appellant.

*J. & S. K. Tracy*, for appellee.

BECK, J.—The plaintiff testified to facts tending to support the allegations of the petition, and the defendant's own testimony supported the averments of his answer. It was shown that about six weeks after the trade plaintiff took the horse in question to defendant and offered to deliver it to him, claiming that it did not comply with the terms of the warranty set up in the petition, as it would not work.

The plaintiff requested the court to propound certain questions to the jury. After certain modifications they were sub-

Dunning v. Van Buren.

mitted to the jury and answers thereto given. They, as given, are as follows:

" 1. Did the defendant at the time of the sale warrant the mare in question to work single or double, and no time fixed for the return of the same? Answer. Yes.

" 2. Did the plaintiff offer and tender to the defendant a return of the mare in dispute within a reasonable time after receiving such mare? Answer. No.

" 3. If you find said mare was offered to be returned within a reasonable time, you will state when so offered to be returned, whether the mare was in as good condition as when received by plaintiff or not. Answer. No.

" 4. Did the mare have a fair trial as to her working qualities after plaintiff received her? Answer. No.

" 5. Was the mare in dispute reasonably well kept and cared for by the plaintiff up to the time she was tendered to the defendant? Answer. Yes."

The following questions were propounded to the jury upon the request of defendant. The answers of the jury are also given:

" 1. Was the contract between the parties that if the mare was not suitable to plaintiff that she was to be returned to defendant the day after the trade. Answer. Yes.

" 2. Did plaintiff return her the day after the trade? Answer. No.

" 3. Was the mare in a suitable condition to try her working powers when Sterling hitched her up, and did she have a fair trial then of her working capacities? Answer. No."

I. It is first insisted that the court erred in modifying the questions submitted by plaintiff to the jury. We think the modifications more fully adapted the questions to the issues and evidence of the case. They may not be expressed with remarkable clearness, but are intelligible and direct. This is sufficient.

1. PRACTICE: modification of interrogatories.

II. It is argued that the answer to the first question asked on behalf of plaintiffs conflicts with the answer to the first submitted by defendant. There is no want of harmony between

the two responses. The plaintiff claimed there was a warranty and no time was specified for the return of the horse if it failed to comply therewith. The defendant insisted that plaintiff was to "try" the horse for a day, and if found unsuitable, it was to be returned. Now it is very plain that the contract could have contained both of these provisions, which in no manner conflict with one another. Time need not be expended in pointing out the reasons for this conclusion. The answers are, therefore, not inconsistent.

III. It is also insisted that the answers to the 3d and 5th questions submitted by plaintiff conflict. This position is without foundation. The animal may have been reasonably well kept by plaintiff, yet, when plaintiff offered to return her, she may not have been in as good condition as when he first received her.

IV. It is insisted that the verdict and special findings are not supported by the evidence. There is conflict in the testimony, but no such want of evidence as to authorize us to disturb the judgment.

V. It is argued that certain instructions given are erroneous; that others asked by plaintiff ought to have been given, 2. ——: exceptions to instructions. and that certain evidence was improperly admitted. It is sufficient to say that the abstract of the record shows no exceptions taken in the court below to these erroneous rulings. Under familiar rules prevailing here, this court cannot review them.

AFFIRMED.